UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**HARRIET SHOEMAKER,**

        **Plaintiff**

        v.                       Case No. 1:10-cv-001-HJW

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant**

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 17) and plaintiff's objections thereto (doc. no. 18). Plaintiff, a Disability Insurance Benefits (DIB) claimant, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying plaintiff's application for DIB and SSI benefits. The Magistrate Judge concluded that there is substantial evidence to support the Commissioner's findings and recommended that the final decision of the Commissioner that plaintiff is not entitled to benefits be affirmed.

I.

2

Plaintiff filed applications for DIB on June 9, 2006 alleging a disability onset date of May 31, 2006. That application was denied initially and upon reconsideration. Plaintiff's request for a *de novo* hearing before the ALJ was granted and an evidentiary hearing was held June 24, 2008. Plaintiff was represented by counsel at the hearing. Dr. David Randolph testified as an occupational physician along with Robert E. Breslin, a vocational expert. The ALJ entered his decision denying plaintiff's claim on January 9, 2009 and the Appeals Council denied her request for review on October 29, 2009.

II.

Plaintiff specifically objects to the deference given the RFC opinion of Dr. Vitols, the consulting orthopedic surgeon. As stated in the Report and Recommendation, in contrast to the RFC forms filled out by two treating physicians (Drs. Minhas and Raneses), the opinion of Dr. Vitols is based on objective evidence. In July of 2008, Dr. Vitols performed a complete physical examination of plaintiff specifically designed to ascertain plaintiff's work-related limitations, including muscle and range of motion testing. Additionally, Dr. Vitols reviewed x-rays of plaintiff's

right hip and lumbar spine. As the Magistrate Judge explained in detail, the ALJ set forth good reasons for giving greater weight to Dr. Vitol's specialist opinion.

The ALJ also explained that the RFC opinions of Drs. Minhas and Raneses were not adequately supported by clinical findings and other objective medical evidence (TR 12-13). Dr. Randolph, the medical expert indicated that their medical records lacked clinical findings assessing plaintiff's recuperation from hip surgery and lacked clinical findings regarding her back problems. Given these deficiencies, the ALJ appropriately held the record open and, with counsel's approval, sought a comprehensive physical examination of plaintiff. To the extent plaintiff now complains of the weight given the resulting opinion from that specialist's comprehensive examination, the ALJ appropriately explained his weighing of the respective RFC opinions.

Plaintiff's second objection is that the Magistrate only focused on plaintiff's use of the cane for ambulatory reasons. The ALJ indicated that the plaintiff uses a cane, but noted that she could walk 2 or 3 blocks without it. Although plaintiff claims that use of a cane would prevent her from lifting, the Magistrate Judge noted that plaintiff's own physicians

indicated she could still occasionally lift and carry up to ten pounds. In considering plaintiff's RFC, the Vocational Expert included plaintiff's cane use and all of plaintiff's limitations. The ALJ could properly rely on the VE's testimony.

Plaintiff also objects to the Magistrate's finding that substantial evidence supports the ALJ's decision to find plaintiff's statements about the severity of her symptoms not entirely credible. Although plaintiff claimed various side effects of her medications, the treatment notes of her treating physician Dr. Minhas repeatedly showed that plaintiff had no side effects (TR 12). Given these inconsistencies between the medical evidence and plaintiff's testimony, the ALJ appropriately found plaintiff's statements not fully credible.

The severity of restrictions in plaintiff's reported daily activities were also not supported by the objective medical evidence. Plaintiff claimed restrictions greater than those found by her own physicians. The ALJ discredited her statements only "to the extent that they are inconsistent with" the RFC determination. It is noted that Dr. Minhas' treatment records in 2005-2006 include the repeated advice that plaintiff continue with a home exercise program with stretches and strengthening

5

(TR 271, 274, 316). As the Magistrate Judge discussed, the ALJ's credibility determination was based on substantial evidence.

Plaintiff contends the ALJ should have found plaintiff disabled for a closed period of time. As the Magistrate Judge pointed out, however, plaintiff does not identify specific dates or supporting evidence for a specific period. Plaintiff did not object to this recommendation.

Plaintiff objects that the Magistrate Judge erred in denying plaintiff's Motion to Remand (doc. no. 7) in order to present new evidence under Sentence Six of the Social Security Act, 42 U.S.C. § 405(g). Although plaintiff seeks to introduce a June, 2009 report providing a diagnosis of "degenerative disc disease . . .with moderate central canal stenosis . . .," the record before the ALJ includes the same diagnosis dating back to February, 2004 - specifically referenced in the ALJ's opinion. Any evidence of alleged side effects could have been obtained earlier. Therefore, the information is not new or material.

III.

Judicial review of the Commissioner's decision is limited in scope by 42 U.S.C. § 405(g). The Court's sole function under the statute is to determine whether there is substantial evidence to support the

6

Commissioner"'s findings of no disability. The Commissioner's findings should stand if, after a review of the record in its entirety, the Court finds that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Mullen v. Sec. of HHS</u>, 800 F.2d 535 (6th Cir. 1986); <u>Kirk v. Sec. of HHS</u>, 667 F.2d 524 (6th Cir. 1981), *cert. denied* 461 U.S. 957 (1983).

Upon *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that plaintiff's contentions have either been adequately addressed and properly disposed of by the Magistrate Judge or present no particularized arguments that warrant further specific responses by this Court. The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Magistrate Judge that the Commissioner 's decision is supported by substantial evidence in the record.

Accordingly, the Court ADOPTS AND INCORPORATES BY REFERENCE HEREIN the Report and Recommendation of the United States Magistrate Judge and the final decision of the Commissioner

7

denying plaintiff Disability Insurance Benefits is hereby AFFIRMED.

Plaintiff's Motion to Remand Under Sentence Six (doc. no. 7) is DENIED.

This case is TERMINATED on the docket of this Court.

IT IS SO ORDERED.

                                                **s/Herman J. Weber**
                                   **Herman J. Weber, Senior Judge**
                                    **United States District Court**